**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:11-CV-61684-MORENO**

TWINSTAR PARTNERS, LLC,

    Plaintiff,

v.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND**
**FOR IMPROPER VENUE AND INCORPORATED MEMORANDUM OF LAW**

    Carl R. Nelson, FBN 280186
    cnelson@fowlerwhite.com
    Ashley Bruce Trehan, FBN 0043411
    ashley.trehan@fowlerwhite.com
    Scott A. Richards, FBN 0072657
    scott.richards@fowlerwhite.com
    FOWLER WHITE BOGGS P.A.
    501 E. Kennedy Blvd., Suite 1700
    Tampa, FL 33602
    Tel: (813) 228-7411
    Fax: (813) 229-8313
    Attorneys for Defendant

**Table of Contents**

| | | | |
|---|---|---|---|
| **I.** | **Background.** | | 1 |
| | A. | Events that Gave Rise to This Litigation. | 1 |
| | B. | Procedural History. | 4 |
| **III.** | **Motion to Dismiss for Failure to State a Claim.** | | 6 |
| | A. | Applicable Standard. | 7 |
| | B. | Applicable Law: Arizona. | 8 |
| | C. | Argument. | 10 |
| | | 1. Plaintiff Fails to State a Claim for Negligent and Fraudulent Misrepresentation (Counts I and II). | 10 |
| | | 2. Plaintiff Fails to State a Claim for Fraudulent Concealment (Count III). | 13 |
| | | 3. The Case is Time-Barred Under Arizona's Statute of Limitations. | 15 |
| **IV.** | **Motion to Dismiss for Improper Venue.** | | 16 |
| | A. | Applicable Standard. | 16 |
| | B. | The Southern District of Florida is an Improper Venue. | 16 |
| **V.** | **Conclusion.** | | 17 |

Defendant Diamond Aircraft Industries, Inc. ("Diamond"), by and through its undersigned counsel and pursuant to Rules 9(b), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss this action with prejudice for failure to state a claim and for improper venue.

**I.      Background.**

**A.      Events that Gave Rise to This Litigation.**

Diamond is a Canadian company that manufactures different models of light aircraft, including the Diamond DA42 Twin Star (the "DA42"). (Am. Compl. (Doc. 10) ¶¶ 3, 7.) Plaintiff Twinstar Partners, LLC ("Twinstar") is an Arizona corporation that allegedly purchased two separate DA42s (collectively, the "Aircraft"). (*Id*. ¶¶ 1-2, 49, 52.)  First, in or around December of 2006, Plaintiff allegedly entered into a contract with USAERO, LLC's Arizona sales office ("USAERO"), a non-party distributor, to purchase a DA42 ("Aircraft 1"). (*Id*. ¶¶ 48-49.)  Diamond does not have a copy of the contract to purchase Aircraft 1 but believes it was identical to the contract entered into between USAERO and another customer. (*See* Aircraft Purchase Agreement between USAERO World Traveling Fools, LLC (also represented by Plaintiff's counsel), a true and correct copy of which is attached hereto as **Exhibit A-1**.)  Twinstar also allegedly, in or around May of 2007, entered into a contract with Galvin Flying Service, Inc.'s Seattle sales office ("Galvin"), a non-party, to purchase another DA42 ("Aircraft 2"). (Am. Compl. ¶ 52; *see also* Aircraft Purchase Order, a true and correct copy of which is attached hereto as **Exhibit A-2**.)[1]  Galvin is a distributor of Diamond aircraft. (Am. Compl. ¶ 52.)

---

[1] By attaching purchase agreements, Diamond does not convert its Motion to Dismiss into one for summary judgment because this document is central to Plaintiffs' claims and is undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

1

The Aircraft were equipped with twin turbo diesel engines that were manufactured by the German company Thielert Aircraft Engines GmbH ("TAE"). (*Id*. ¶ 7.) TAE and Diamond are two separate, unrelated entities; Plaintiff does not allege otherwise. The only relationship between the two was that, for a time, Diamond installed TAE engines in some of its aircraft. (*See, e.g.*, *id*. ¶¶ 7-8.) The Aircraft's engines were warranted only by TAE. (*Id*. ¶¶ 32-39; *see also see also* Terms of Guarantee for the Centurion 2.0 and Terms of Guarantee of the Limited Pro Rata Manufacturer's Guarantee for the CENTURION 1.7 (the "TAE Warranty Documents"), a true and correct copy of which is attached hereto as **Composite Exhibit B**.)[2] Diamond specifically excluded the TAE engines from its warranty. (*See* DA42 Diamond Twin Star Limited Warranty – New Aircraft, a true and correct copy of which is attached hereto as **Exhibit C**.)[3] On or about April 24, 2008, approximately a year after Plaintiff contracted to purchase Aircraft 2 and <u>more than</u> a year after Plaintiff contracted to purchase Aircraft 1, TAE commenced a proceeding in Germany that is akin to a bankruptcy proceeding in the United States, and its warranties were voided. (Am. Compl. ¶ 18.)

The loss of Plaintiff's engine warranty sparked this litigation. (*Id*. ¶ 19.) Plaintiff seeks to recover from <u>Diamond</u> damages Plaintiff allegedly suffered because of the <u>TAE</u> insolvency.

---

[2] By attaching the TAE Warranty Documents, Diamond does not convert its Motion to Dismiss into one for summary judgment because these documents are central to Plaintiff's claims and are undisputed. *See Horsley*, 304 F.3d at 1134. Indeed, the TAE warranty is the foundation of this action.

[3] By attaching the Diamond Limited Warranty, Diamond does not convert its Motion to Dismiss into one for summary judgment because that document is central to Plaintiff's claims and is undisputed. *See Horsley*, 304 F.3d at 1134. Plaintiff also references and relies upon this document in the Complaint. (Am. Compl. ¶¶ 31-32.)

2

Plaintiff's tenuous theory for Aircraft 1 is that:

(1) On September 22nd and 23rd of 2006, future members of Twinstar, Jeff McElfresh, Edna Lake, and Andrew Lake, "attended the USAERO demo weekend show in Scottsdale, Arizona." (*Id*. ¶ 40.)

(2) During the weekend, Mr. Farley of USAERO explained to them the terms of the TAE warranty. (*Id*. ¶¶ 41-47.)

(3) The terms of the engine warranty were confirmed by Walter Slingerland, Diamond's Aircraft Delivery Center Manager, upon delivery of the aircraft. (*Id*. ¶ 50.)

(4) To the extent any of the "representatives" were not actual employees of Diamond, they were nonetheless agents of Diamond. (*Id*. ¶¶ 20-31.)

(5) Plaintiff relied on those representations to purchase Aircraft 1. (*Id*. ¶¶ 48-49, 54.)

(6) The statements should not have been made because Diamond allegedly knew or should have known that TAE was not solvent and thus would not be able to fulfill its warranty obligations. (*See generally id*.)

Plaintiff's theory for Aircraft 2 is that:

(1) In or around May of 2007, Twinstar purchased a second DA42 from Galvin Flying Service, Inc. (*Id*. ¶ 52.)

(2) On or around May 3rd, 2007, two of Plaintiff's members traveled to London, Ontario to take delivery of Aircraft 2. (*Id*. ¶ 53.)

(3) While in London, Diamond employees explained to them the terms of the TAE warranty. (*Id*.)

(4) Plaintiff relied on those representations to purchase Aircraft 2. (*Id*. ¶ 54.)

(5) The statements should not have been made because Diamond allegedly knew or should have known that TAE was not solvent and thus would not be able to fulfill its warranty obligations. (*See generally id*.)

Plaintiff does not allege that the mere restatements of the TAE warranty terms were false. Indeed, the purported representations were entirely consistent with the terms of the TAE warranty. (*Compare id*. ¶¶ 41-47, 53, *with* Ex. B.) Nor does Plaintiff allege that any representations were made as to the ability of TAE to honor its warranties. (*See generally id*.)[4]

Plaintiff also alleges that Diamond "knew or should have known" that TAE was experiencing financial problems. (*Id*. ¶ 12.) However, Plaintiff does not allege sufficient facts showing that Diamond would have had any reason to believe beforehand that TAE was going to file an insolvency proceeding and would not honor its warranties.

Plaintiff seeks three categories of damages: diminution in the fair market value of the Aircraft, loss of value of the engine warranty, and "the additional expenses incurred in repairing TAE engines no longer covered by warranty." (*Id*. ¶¶ 19, 57.) However, Plaintiff does not allege an amount or even an approximate value of these purported damages. Plaintiff does not even allege that it has actually made any expenditures to repair the TAE engines.

**B.   Procedural History.**

Plaintiff's counsel represents 21 plaintiffs who have, in various combinations, filed virtually identical lawsuits against Diamond. In fact, this action is the <u>third</u> action Twinstar has

---

[4] Although Plaintiff alleges that nobody "suggested that there was any reason to doubt the reliability of the engine warranty or the company" and references an email that allegedly "confirmed such confidence" (*Id*. ¶¶ 43, 46), it is unclear what, if any, representations were contained within the email. Without more detailed factual allegations, it is unclear if any representations were made.

4

filed against Diamond (a Kentucky action was voluntarily dismissed, and this Court dropped Twinstar from the second action).  All of the cases hinge on the loss of the TAE engine warranty and have similar backgrounds involving similar "representations" by various Diamond distributors.

The convoluted history of this case began on August 25, 2009, when a sole plaintiff, Morris Aviation, LLC, initiated a lawsuit against Diamond in the United States District Court for the Western District of Kentucky.  *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, Case No. 3:09-cv-00644.  On October 15, 2009, Morris Aviation amended its complaint to add an additional plaintiff, Mascaro Aviation, L.L.C.  (*See id*. Doc. 9.)  On July 26, 2010, that court granted Diamond's motion to dismiss all of Mascaro Aviation's claims for lack of personal jurisdiction.  (*See id*. Docs. 38-39.)  The court also ultimately dismissed, in a series of orders, all of Morris Aviation's claims on substantive grounds.  (*See id*. Docs. 38, 39, 72, 73, 82, 83.) Morris Aviation has appealed the dismissal, and the appeal remains pending.  *See Morris Aviation, LLC v. Diamond Aircraft Indus, Inc.*, Case No. 12-6021 (6th Cir.).

On April 7, 2010, eighteen (18) additional plaintiffs (including Twinstar) filed a separate suit against Diamond in the Western District of Kentucky.  Diamond moved to dismiss those claims and, on August 4, 2010, those plaintiffs voluntarily dismissed that action.

On April 9, 2010, while the two Kentucky cases were pending, Morris Aviation, Mascaro Aviation, and the 18 other plaintiffs in the Kentucky case, including Twinstar, initiated an action against Diamond in the Southern District of Florida.  *Mascaro Aviation, L.L.C. v. Diamond*, Case No. 0:10-cv-60556.  The 20 plaintiffs alleged claims for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment.  Morris Aviation was voluntarily dismissed to pursue its Kentucky case, and, after two rounds of briefing on Diamond's motions to dismiss, all

5

remaining plaintiffs except Mascaro Aviation were dropped on the ground of misjoinder. (*See id*. Docs. 39, 41, 49, 52.) The dropped parties appealed to the Eleventh Circuit Court of Appeals; almost a year later, the appeal was dismissed for lack of jurisdiction. *DSM Leasing, Inc. v. Diamond*, Appeal No. 11-13443-CC, Opinion (11th Cir. July 31, 2012). While the appeal was pending, the dropped parties also each filed an individual case in the United States District Court for the Southern District of Florida.[5] This case is one of those individual actions.[6]

During the pendency of the appeal, all of the cases were transferred to the Honorable Judge Frederico A. Moreno, and all of the cases were closed and stayed. Following the dismissal of the appeal, all plaintiffs moved to reopen their respective cases. This Court recently entered an order in *Mascaro Aviation* directing the parties to each select two cases, which would then be adjudicated on their merits. One of the selected cases, involving plaintiff Xie Jian Trustee, was voluntarily dismissed with prejudice on November 5, 2012. The remaining three, opened cases involve plaintiffs World Traveling Fools, LLC, Continent Aircraft Trust 1087, and Twinstar. Attached hereto as **Exhibit D** is a table summarizing the pertinent cases filed in this Court.

### III.     Motion to Dismiss for Failure to State a Claim.

This action should be dismissed with prejudice because the claims remain fundamentally flawed. First, there are no factual allegations supporting any wrongdoing, either by Diamond or by any purported agent of Diamond. The only representations that ground Plaintiff's action are

---

[5] At this time, another plaintiff that was not involved with the prior suits (K-9, LLC) also sued Diamond in the Southern District of Florida but, shortly after filing, voluntarily dismissed its lawsuit with prejudice.

[6] Importantly, in *Mascaro Aviation* the Court dropped the remaining plaintiffs without making any rulings on any other grounds for dismissal (i.e., failure to state a claim) as to the remaining plaintiffs. Similarly, although the Court in *Mascaro Aviation* found that venue was proper in Florida in part because "five of the transactions [purchases by other plaintiffs] occurred here," that is not the case in this individual action because no transaction occurred in Florida. (*Mascaro Aviation* Doc. 39 at 12.)

6

restatements of the TAE warranty that was in force at the time Plaintiff purchased its Aircraft. These representations cannot ground any action because they were not <u>mis</u>representations at all. Plaintiff fails to allege other essential elements of its misrepresentation claims (Counts I and II) and also fails to plead fraud with the requisite particularity. Second, Plaintiff fails to plead essential elements of its fraudulent concealment claim. Third, Plaintiff's claims are barred by the relevant statute of limitations.

Before delving into the grounds for Diamond's motion to dismiss, this section first discusses the heightened federal pleading standard that applies to Plaintiff's Amended Complaint and, next, sets forth the applicable choice-of-law analysis.

### A.    Applicable Standard.

"A Rule 12(b)(6) motion tests the formal sufficiency of the allegations of claims for relief. The dismissal of a complaint is warranted 'when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Solar Star Sys., LLC v. Bellsouth Telecomm., Inc.*, 2011 WL 3648267, *2 (S.D. Fla. Aug. 12, 2011) (Moreno, J.) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)). The Court must view the Complaint in the light most favorable to Plaintiff and accept Plaintiff's well-pleaded facts as true. *Solar Star*, 2011 WL 3648267 at *2. "This tenet, however, does not apply to legal conclusions." *Fuentes v. Mega Media Holdings, Inc.*, 721 F. Supp. 2d 1255, 1257 (S.D. Fla. 2010) (Moreno, J.). "[T]he complaint cannot merely allege misconduct, but must demonstrate that it is plausible that the pleader is entitled to relief." *Solar Star*, 2011 WL 3648267 at *2 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Coach Servs., Inc. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271-74 (S.D. Fla. 2010) (Moreno, J.) (granting 12(b)(6) motion to dismiss where plaintiff's allegations

7

were unspecific "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, which do not suffice").

### B.      Applicable Law: Arizona.

Jurisdiction is based on diversity.  Therefore, resolution of this motion requires a determination of which state's laws apply to Plaintiff's claims.  *See Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361, 1364-65 (S.D. Fla. 2007).

Florida law applies to resolve the choice of law question for Plaintiff's claims.  *See Mardegan v. Mylan, Inc.*, 2011 WL 3583743, *2 (S.D. Fla. Aug. 12, 2011) ("A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state.") (internal quotation marks omitted).  "Under Florida law, choice of law questions are resolved according to the ***most significant relationship*** test outlined in the Restatement (Second) of Conflict of Laws" (the "Restatement").  *Id.* (emphasis added) (internal quotation marks omitted).  Section 148 of the Restatement explains how the "most significant relationship test" should be applied to fraud and misrepresentation claims.  *Valentino v. Bond*, 2008 WL 3889603, *4 (N.D. Fla. Aug. 19, 2008).  Section 148 contains two subsections: subsection (1) applies where the reliance took place in the <u>same</u> state in which the representations were made, while subsection (2) applies where the reliance took place in a state <u>different</u> from where the representations were made.  *See* Restatement § 148 (1971).

Here, Plaintiff's claims are so inadequately pled that it is difficult even to determine which subsection should apply.  (This lack of detail also precludes the claims under Rule 12(b)(6), as discussed herein.)  However, the subsection (2) factors are inclusive of the subsection (1) factors, and this motion thus analyzes all of the subsection (2) factors.  The table below shows how those factors apply here:

8

**Table No. 1: Choice of Law Factors**

| Factor Enumerated in Rest. 2d Conflict of Laws § 148(2) | State (Am. Compl. Allegation) |
|---|---|
| (a) The place, or places, where the plaintiff acted in reliance upon the defendant's representations | Unspecified, perhaps Arizona or Washington, the distributors' locations (¶¶ 48, 52) or Canada, where the Plaintiff took delivery of the aircraft (¶¶ 50, 53) |
| (b) The place where the plaintiff received the representations | Arizona and Canada (¶¶ 40-47, 50, 53) |
| (c) The place where the defendant made the representations<br>* For purposes of this analysis, Diamond takes into account the place where Diamond's *distributors* allegedly made representations. | Arizona and Canada (¶¶ 40-47, 50, 53) |
| (d) The domicil, residence, nationality, place of incorporation and place of business of the parties | Plaintiff: Arizona (¶¶ 1-2)<br>Defendant: Canada (¶ 3) |
| (e) The place where a tangible thing which is the subject of the transaction between the parties was situated at the time | Not alleged |
| (f) The place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant | Unspecified, perhaps Arizona or Washington, the distributors' locations (¶¶ 48, 52) or Canada, where the Plaintiff took delivery of the aircraft (¶¶ 50, 53) |

Here, the applicable law could be Canada, Arizona, or Washington. Plaintiff previously concluded – twice – that Arizona law should apply to its claims (apparently based on Plaintiff's knowledge of the facts needed to complete the above table). Attached hereto as **Composite Exhibit E** are two exhibits Plaintiff previously filed in *Mascaro Aviation* (Doc. 51 Ex. A) and the subsequent *DSM Leasing* appeal (Appellants' Br. Ex. A) that speak to the choice-of-law issue. (*See* Ex. E p. 2 (applying Arizona statute of limitations); Ex. E p. 3 (noting that Arizona law "is most likely to be applied" to Plaintiff's claims).) The purported representations occurred

9

in Arizona and Canada. (*See* Am. Compl. ¶¶ 40-47, 53.). Further, Plaintiff is an Arizona corporation. (¶¶ 1-2.) Based on the allegations and Plaintiff's own assertions in *Mascaro Aviation* and the *DSM* appeal, Arizona has the closest ties with this action. Therefore, this Motion looks to Arizona law.

C.     **Argument.**

1.     **Plaintiff Fails to State a Claim for Negligent and Fraudulent Misrepresentation (Counts I and II).**

Plaintiff's claims fail to allege requisite substantive elements under Arizona law. Plaintiff alleges five representations that took place <u>prior</u> to its purchase, as follows:[7]

| ¶ | Date | Place | Content | Source |
|---|---|---|---|---|
| ¶ 41 | September 22, 2006 | Scottsdale, Arizona | "Diamond provided a 'spinner to tail' warranty on the aircraft and the engines for two years" and "all of the regular maintenance of the engines would be covered by the warranty." | Mike Farley; conversation |
| ¶ 42 | September 22, 2006 | Scottsdale, Arizona, Test Flight | "[T]he engines were currently certified with a 1,000 flight hours TBR, at which point the engines would require replacement," however, "at the time of replacement, Diamond would replace the engines with new 2.0L engines at a prorated cost based on the number of flight hours on the engines at the time of replacement." | Mike Farley, conversation |
| ¶¶ 43, 46 | September 25, 2006 | Not alleged | "Mr. Farley. . . confirmed such confidence" in the "reliability of the engine warranty or the company administering the warranty" | Mike Farley, email to flight school's owner |

---

[7] Some of the "representations" alleged by Plaintiff occurred <u>after</u> the purchases. (*See* Am. Compl. ¶¶ 51, 53.) Therefore, Plaintiff could not have relied upon those representations in purchasing the Aircraft. Those representations thus cannot ground Plaintiff's claims.

10

| ¶ | Date | Place | Content | Source |
|---|---|---|---|---|
| ¶ 44 | September 23, 2006 | Scottsdale, Arizona, Test Flight | "Diamond provided a 'spinner to tail' warranty on the aircraft and the engines for two years and . . . all of the regular maintenance of the engines would be covered by the warranty." | Mike Farley, conversation |
| ¶ 45 | September 23, 2006 | Scottsdale, Arizona, Test Flight | "[T]he engines were currently certified with a 1,000 flight hours TBR, at which point the engines would require replacement. . . . [A]t the time of replacement, Diamond would replace the engines with new 2.0L engines at a prorated cost based on the number of flight hours on the engines at the time of replacement." | Mike Farley, conversation |

**Failure to Allege Misrepresentations.** At the core of Plaintiff's misrepresentation claims is, obviously, the requirement that there be a misrepresentation. *See St. Joseph's Hospital and Medical Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 813 (Ariz. 1987) (describing the requirements of a negligent misrepresentation claim); *Jennings v. Lee*, 461 P.2d 161, 164 (Ariz. 1969) (listing the elements of fraudulent misrepresentation). Here, the representations listed in paragraphs 41, 42, 44, and 45 above are mere restatements of the TAE engine warranty. (*See* Am. Compl. ¶¶ 32-39; Ex. B.) Plaintiff even refers to the representations as "warranty representations." (*See* Am. Compl. ¶ 47.) The TAE engine warranty was not void at the time the representations were made. Therefore, the representations could not have been false at the time they were made. Because none of these three representations could have been a misrepresentation, Plaintiff fails to meet this fundamental element of its misrepresentation claims (Counts I and II), and the claims should be dismissed accordingly.

11

**Failure to Meet the Rule 9(b) Requirements.**  The heightened pleading standard of Rule 9(b) applies to claims for both negligent and fraudulent misrepresentation.  *Recreational Design & Const. Inc. v. Wiss, Janney, Elstner Assoc., Inc.*, 2011 WL 5117163, *6 (S.D. Fla. Sep. 20, 2011) (negligent misrepresentation); *Bonita Villas Condominium Ass'n, Inc. v. Empire Indem. Ins. Co.*, 2010 WL 2541763, *4 (S.D. Fla. June 23, 2010) (fraudulent misrepresentation).  To comply with Rule 9(b), Plaintiff must allege

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1294 (S.D. Fla. 2007).  Here, as to the representation regarding Mr. Farley's "confidence" in either TAE or its engine, Plaintiff wholly fails to state the "content" of such statement outside the mere conclusory statement regarding "confidence."  (*See* Am. Compl. ¶¶ 43, 46.)  This representation cannot ground Plaintiff's claim because it fails under Rule 9(b) as well as *Twombly* and *Iqbal*, which caution against such conclusory statements.

**Future Conduct Not Actionable.**  Plaintiff further posits that the above representations were negligent because Diamond allegedly "knew or should have known . . . that [TAE] *may not be in a position* to support the engines or honor the lengthy warranties" in the future.  (*Id*. ¶ 55 (emphasis added).)  Any representation as to the potential future viability of TAE and its ability to honor its warranties cannot be the basis for a negligent misrepresentation claim under Arizona law.  *See Kennedy v. Chase Home Fin., LLC*, Case No. CV11-8109-PCT-DGC, 2012 U.S. Dist. LEXIS 47584, at *15 (D. Ariz. April 4, 2012) (finding that "[a] promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation").  In addition,

12

any representation of the future viability of TAE could only form the basis of a fraudulent misrepresentation claim if "such were made with the present intention not to perform." *Crofton v. CIT Group, Inc.*, Case No. CV 09-1999-PHX-FJM, 2011 U.S. Dist. LEXIS 35196, at *12 (D. Ariz. March 29, 2011) (internal quotation marks omitted). Plaintiff does not and cannot allege any intent on the part of Diamond (which had no duty in the first place to fulfill the TAE warranties) to fulfill the TAE warranties. (*See generally* Am. Compl.).  The above statements do not constitute a misrepresentation or omission of a present fact nor do they consist of a future promise with intent not to perform; therefore, these statements are not actionable whatsoever and cannot support any claim for negligent or fraudulent misrepresentation.

### 2. Plaintiff Fails to State a Claim for Fraudulent Concealment (Count III).

A claim for fraudulent concealment exists under Arizona law when:

> [o]ne party to a transaction who by concealment or other action ***intentionally prevents*** the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.

*Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 34 (Ariz. 2002) (emphasis added) (citation omitted).  The Arizona Supreme Court in *Wells Fargo* further stated that a claim for fraudulent concealment is "characterized by deceptive acts or contrivances ***intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter***." *Id*. at 35 (emphasis added).  The court distinguished mere "failure to disclose" from "***active concealment***," the latter of which is required to maintain a claim for fraudulent concealment.  *See id*.

Here, there are no factual allegations that Diamond (or USAERO or Galvin, for that matter) had any intent to "hide information, mislead, avoid suspicion, or prevent further inquiry"

13

into TAE's financial condition or the status of TAE's warranty.  (*See* Am. Compl. ¶ 68.) Additionally, there are no allegations that Diamond (or USAERO or Galvin) "prevented" Plaintiff from obtaining pertinent information, if it had indeed existed.  Therefore, Plaintiff fails to state a claim for fraudulent concealment under Arizona law.[8]

Plaintiff relies upon Diamond's purported "aware[ness] of a German publication from December 2006 which details TAE's financial and criminal problems." (*Id.* ¶ 62.)  First, even if Diamond had knowledge of this publication, it would merely be knowledge of "financial instability," which does not equate to TAE's ability to honor its warranties.  To hold otherwise would impose liability for fraudulent concealment on product manufacturers whenever one of their suppliers posted a negative earnings report.  Second, Plaintiff does not allege that it did not have access to this document.  By Plaintiff's failure to allege a lack of access to this publication, there is a plausible inference (under *Twombly*) that the publication was available to the general public – including Plaintiff.   Particularly under the standards set forth in *Twombly* and *Iqbal* – which require factual allegations beyond mere legal conclusions – Plaintiff fails to allege any facts to support a finding that Diamond concealed any purported information regarding the financial stability of TAE.  For this reason, the fraudulent concealment claim should be dismissed.

---

[8] Paragraph 68 provides no factual support for conclusory allegations that "[t]his concealment was deliberate and knowing, and was designed to cause, and actually did cause, detrimental reliance." *See Impact Fin. Servs., LLC v. Six400 Check Solutions, LLC*, Case No. CV-10-0070-PHX-FJM, 2010 U.S. Dist. LEXIS 128780, at *4-*5 (D. Ariz. Dec. 3, 2010) ("Plaintiff fails to plead a claim of fraudulent concealment under Arizona law because it does not allege sufficient facts demonstrating the element of concealment.  Plaintiff simply makes general, conclusory statements.")

### 3. The Case is Time-Barred Under Arizona's Statute of Limitations.

The limitations period applicable to Plaintiff's negligent misrepresentation claim is two years. *See Hullett v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003) ("The statute of limitations for a negligent misrepresentation claim is two years.") (internal citations omitted). The limitations period applicable to Plaintiff's fraud claims is three years. Ariz. Rev. Stat. § 12-543(3) (2012); *see Serrano v. Serrano*, Case No. CA-CV 10-0649, 2012 Ariz. App. Unpub. LEXIS 31, *11 (Ariz. Ct. App. January 10, 2012) ("Under Arizona law, the statute of limitations for . . . fraudulent concealment [and] fraudulent misrepresentation . . . is three years.") (*see* Ariz. R. Supreme Court 111(c) for usage of unpublished opinions).

Plaintiff has conceded that the statute of limitations period began to run on May 26, 2008, which is the date on which the TAE engine warranties were voided. (*See Mascaro Aviation*, 0:10-cv-60556, Doc. 51, at 6 n. 3.) For purposes of determining the expiration of the negligent misrepresentation claim (Count I), two years following May 26, 2008, is **May 26, 2010**. For purposes of determining the expiration of the claims for fraudulent misrepresentation (Count II) and fraudulent concealment (Count III), three years following May 26, 2008, is **May 26, 2011**. This action was filed on **July 27, 2011**, more than 60 days after the statute had run on the fraudulent misrepresentation and fraudulent concealment claims, and more than 1 year after the statute had run on the negligent misrepresentation claim. Therefore, this action is barred by the statute of limitations and should be dismissed accordingly.[9]

---

[9] There can be no tolling, since the previous action was dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (Posner, J.) ("[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.").

15

### IV. Motion to Dismiss for Improper Venue.

#### A. Applicable Standard.

The federal venue statute provides that a civil action founded on diversity may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, ***if there is no district in which the action may otherwise be brought***.

28 U.S.C.A. § 1391(a) (2011) (emphasis added).[10]  "Pursuant to Rule 12(b)(3), Fed. R. Civ. P., a defendant may move to dismiss a claim for improper venue and the plaintiff bears the burden of demonstrating that the venue selected is proper." *Watson v. Community Education Centers, Inc.*, 2011 WL 3516150, *2 (M.D. Fla. Aug. 11, 2011) (citation omitted). "In diversity cases venue is appropriate where a substantial part of the events or omissions which gave rise to the claim occurred." *Id*. "In determining venue the court considers the relevant actions or omissions having a 'close nexus' to the subject matter of the dispute." *Id*. (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003)).

#### B. The Southern District of Florida is an Improper Venue.

This case has no nexus with Florida. Here, Diamond (the sole defendant) resides in Canada, not Florida, and thus subsection (a)(1) of section 1391 does not apply. Subsection

---

[10] Subsequent to the filing of this action, Section 1391 underwent significant revisions pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011. However, the Act provides that the revisions apply to only those cases filed on or after January 6, 2012. Because this action was filed in 2011, the prior language of Section 1391, referenced herein, applies to the instant motion to dismiss for improper venue. *See Nagy v. Wells Fargo Bank, N.A.*, No. 11-7104, 2012 U.S. Dist. LEXIS 70996, *5 n.2 (E.D. Pa. May 22, 2012) ("Because this action commenced on November 7, 2011, the prior version of § 1391 remains applicable. All citations in this Memorandum refer to the prior version.").

(a)(2), however, <u>does</u> apply because there are other judicial districts "in which a substantial part of the events or omissions giving rise to the claim occurred." (*See* Table, Section III.B, above.) The Southern District of Florida does not qualify under subsection (a)(2) because no events or omissions giving rise to the claims occurred in Florida. Lastly, because there are districts in which this action "may otherwise be brought," subsection (a)(3) does not apply.

Instead of bringing this action in a proper venue, Plaintiff filed its case in the Southern District of Florida "because Diamond is subject to personal jurisdiction in this district." (Am. Compl. ¶ 6.) However, this criterion applies only "***if there is no district in which an action may otherwise be brought as provided in this section*** . . . ." 28 U.S.C. § 1391(b)(3) (emphasis added). Because there are districts in which this case may otherwise be brought, venue in the Southern District of Florida is improper, and the case thus should be dismissed under Rule 12(b)(3).[11]

## V. Conclusion.

WHEREFORE, for the reasons herein stated, Defendant Diamond Aircraft Industries, Inc., respectfully requests this Court to enter an order dismissing the Complaint and awarding Defendant such further relief as the Court deems just and proper.

---

[11] As stated above, although the Court, in the *Mascaro* action, found that venue was proper in Florida in part because "five of the transactions [purchases by other plaintiffs] occurred here," that is not the case in this action because no transaction occurred in Florida. (*Mascaro Aviation* Doc. 39 at 12.)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served by CM/ECF on November 15, 2012, on all counsel of record on the Service List below:

        s/ Carl R. Nelson
        Carl R. Nelson, FBN 280186
        cnelson@fowlerwhite.com
        Ashley Bruce Trehan, FBN 0043411
        ashley.trehan@fowlerwhite.com
        Scott A. Richards, FBN 0072657
        scott.richards@fowlerwhite.com
        FOWLER WHITE BOGGS P.A.
        501 E. Kennedy Blvd., Suite 1700
        Tampa, FL 33602
        Telephone: (813) 228-7411
        Fax: (813) 229-8313
        Attorneys for Defendant

## SERVICE LIST

| | |
|---|---|
| Juan Martinez | V. Brandon McGrath |
| juan.martinez@gray-robinson.com | bmcgrath@bgdlegal.com |
| Gray Robinson P.A. | Bingham Greenebaum Doll LLP |
| 1221 Brickell Avenue, Suite 1600 | 2350 First Financial Center |
| Miami, Florida  33131-0014 | 255 E. Fifth Street |
| Attorney for Plaintiff | Cincinnati, Ohio 45202-4728 |
| | Attorney for Plaintiff |