UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:11-61684-CIV MORENO
ELECTRONICALLY FILED

TWINSTAR PARTNERS, LLC

                 Plaintiff,

vs.

DIAMOND AIRCRAFT INDUSTRIES, INC.

                 Defendant.

_____/

## PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Respectfully submitted,

/s/Juan Martinez
Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF
-and-
V. Brandon McGrath
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202
Telephone: 513-455-7643
Facsimile:  513-455-8500
E-mail: BMcgrath@bgdlegal.com

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ..................................................................................................... 1

       A.     Plaintiff Has Sufficiently Pled Agency ...................................................... 1

       B.     Plaintiff Sufficiently Pled Its Claims for Fraudulent Misrepresentation,
              Negligent Misrepresentation, and Fraudulent Concealment................................ 2

              1.     Standard of Review................................................................................ 2

              2.     Plaintiff Sufficiently Pled Fraudulent and Negligent
                     Misrepresentation............................................................................... 3

                     a.     Plaintiff Sufficiently Alleged Misrepresentations ........................ 3

                     b.     Diamond's Misrepresentations Were Actionable Because
                            Diamond Presently Knew That Its Representations
                            Regarding TAE and the Warranty Were False .............................. 6

              3.     Plaintiff Sufficiently Pled Fraudulent Concealment.................................... 9

              4.     Plaintiff Pled Sufficient Facts to Meet the Requirements of
                     Nondisclosure Under Arizona Law ......................................................... 12

       C.     Plaintiff Timely Filed Its Claims Within the Applicable Statute of
              Limitations Period................................................................................. 15

              1.     Plaintiff Met the Applicable Statute of Limitations Period Under
                     Arizona Law................................................................................... 15

              2.     Arizona Follows the Discovery Rule for the Statute of Limitations ....... 16

       D.     Plaintiff Brought Its Claims in the Proper Venue Under 28 U.S.C. § 1391 ........ 18

III.   CONCLUSION.................................................................................................. 20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:11-61684-CIV MORENO**
**ELECTRONICALLY FILED**

**TWINSTAR PARTNERS, LLC**

**Plaintiff,**

**vs.**

**DIAMOND AIRCRAFT INDUSTRIES, INC.**

**Defendant.**

_____/

## PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT DIAMOND AIRCRAFT INDUSTRIES, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

**I.      INTRODUCTION**

Plaintiff's Amended Complaint with Jury Demand (**Doc. 10**) ("Amended Complaint")

alleges the necessary elements to state claims for fraudulent misrepresentation, negligent

misrepresentation, fraudulent concealment, and nondisclosure.  Plaintiff also sufficiently alleges

an agency relationship between Diamond and its authorized distributors.   Thus Diamond's

Motion to Dismiss ("Diamond's Motion") should be denied in its entirety.

**II.     ARGUMENT[1]**

**A.      Plaintiff Has Sufficiently Pled Agency**

Diamond does not dispute that Plaintiff sufficiently pled an agency relationship existed

between Diamond and its authorized distributors under either Florida or Arizona law.  *See e.g.,*

*Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1140 (Ariz. 1982) (Whether an agency

---

[1] Due to the complexity of the case at the time the Amended Complaint was filed and given that a variety of states were involved with the eighteen (18) other parties which brought similar claims against Diamond, Plaintiff sufficiently pled, out of an abundance of caution, its claims under Florida law.  Plaintiff's Amended Complaint also pled facts sufficient to meet the elements for all of its claims under Arizona law.

relationship exists is generally a question of fact.).   Accordingly, Diamond concedes that its involved distributors, USAERO and Galvin, were its agents and thus, Diamond is liable for any misrepresentations or concealment of information made by these distributors.   Notwithstanding Diamond's concession, Plaintiff sufficiently pled the elements of agency (actual or apparent) under Arizona law as it relates to Diamond and its authorized distributors.  (Amended Complaint ¶¶ 21-30).

### B.   Plaintiff Sufficiently Pled Its Claims for Fraudulent Misrepresentation, Negligent Misrepresentation, and Fraudulent Concealment

#### 1.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true.  *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295-1296 (11th Cir. 2007).   To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).   Notably, the Supreme Court, in defining "facial plausibility," emphasized that this standard is "not akin to a 'probability requirement'...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Rather, the standard simply calls for "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*   Moreover, the Eleventh Circuit summarized the principles established in *Twombly* as follows:

> The standard is one of "plausible grounds to infer." .... The rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.   It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

*Watts*, 495 F.3d at 1295-1296 (internal citations omitted) (citing *Twombly*, 550 U.S. at 556).

Therefore, provided the complaint's statement of the claim "'give[s] the defendant fair notice of

what the...claim is and the grounds upon which it rests,'" then the complaint is sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Additionally, it is well-settled that the heightened pleading requirements under Fed. R. Civ. P. 9(b) "must be read in harmony" with Fed. R. Civ. P. 8, which only requires a complaint to "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 663. "Detailed facial allegations are not required." *Id.* "[W]hile mere conclusory allegations of fraud will not satisfy Rule 9(b), allegations which provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud are sufficient." *In re Sahlen & Assocs., Inc.* 773 F. Supp. 342, 352 (S.D. Fla. 1991). "[T]he degree of specificity required by Rule 9(b) may vary according to the background of the parties and the information available to them at the time of pleading." *Id.* In short, Rule 9(b) does not eliminate notice pleading, and its requirements are satisfied by allegations of date, time, place, or through alternative means – all of which are contained in Plaintiff's Amended Complaint. Therefore, Diamond's Motion to Dismiss should be denied.

### 2. Plaintiff Sufficiently Pled Fraudulent and Negligent Misrepresentation

#### a. Plaintiff Sufficiently Alleged Misrepresentations

Plaintiff's fraudulent and negligent misrepresentation claims are based on two primary factual allegations: (1) Diamond knew or should have known that TAE could not provide the warranty that the Plaintiff relied on when it purchased the DA42; and (2) Diamond intended to make such misrepresentations to induce Plaintiff to purchase the DA42s. As a result, Plaintiff suffered significant damages. The Amended Complaint properly alleges facts to support both claims.

3

Diamond actively **promoted the availability and extent of TAE's engine warranty** at every stage of the aircraft sale process to induce customers to purchase its aircraft. (*See* Amended Complaint, Counts I & II). By disseminating the terms of TAE's warranty to potential customers, Diamond represented to Plaintiff that their aircraft's engines would be under warranty for 2,400 flight hours or 12 years, when Diamond knew TAE would not be able to honor these terms. (*Id.*). Contrary to Diamond's claims, these representations were clearly "false at the time they were made." (Diamond's Motion, p. 11). Moreover, Diamond provided Plaintiff with the Limited Warranty document, which contained affirmative statements from Diamond regarding the scope and reliability of the warranty, and it re-affirmed representations Plaintiff had received previously. (Amended Complaint ¶¶ 32 – 33).

Plaintiff properly alleges that Diamond and its authorized distributors knew or should have known that TAE could not honor the warranty which covered the additional, costly engine maintenance. (*See id.* at ¶¶ 12 – 14). Assuming Plaintiff's allegations are true, then the fact that TAE was facially offering a warranty at the time Diamond made its representations is immaterial because Diamond knew the warranty was merely a facade. Diamond's assertion that no misrepresentation took place lacks merit as USAERO, Galvin and Diamond did not simply restate the terms of the warranty. Instead, they affirmatively represented to Plaintiff that they could have complete confidence in TAE and the warranty it administered. (*Id.* at ¶¶ 41 – 45). The fact that the TAE engine warranty was not void at the time the representations were made is not relevant, (*see* Diamond's Motion, p. 10). At the time Diamond and its agents made representations regarding TAE and the scope and extent of the engine warranty, the facts alleged demonstrate that Diamond knew or likely knew that such representations were false.

Diamond's statements were *mis*representations because it had superior knowledge of TAE's financial problems and inability to fulfill the warranty obligations. Moreover, such statements were material[2] facts because no reasonable investor would purchase a DA42 without the TAE warranty. In fact, the most important issue for Plaintiff was the new engine technology and that a warranty would cover the expensive and continual costs related thereto. Diamond knew or should have known about TAE's problems, and its continued affirmative statements that TAE and the warranty could be relied upon was a clear misrepresentation of a material fact – one in which ultimately induced Plaintiff to purchase the involved DA42s (*Id.* at ¶¶ 55 – 56, 66, 70). Further, even though Diamond has claimed that merely having a close business relationship with TAE is not sufficient to establish Diamond's knowledge of TAE's instability and involved investigation, Plaintiff is not required to plead this "relationship" with any greater specificity, in that Rule 9(b) only requires knowledge to be "alleged generally." Fed. R. Civ. P. 9(b). The Amended Complaint provided specific allegations concerning the significance of the warranty (*Id.* at 33 – 39). Therefore, Plaintiff sufficiently alleged a material misrepresentation.

Note that even under Rule 9(b), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" in which plausible only requires a "sheer possibility" that the allegations could be true. *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 570. Thus, dismissal under Fed. R. Civ. P. 12(b)(6) is only permitted when "it is clear that no relief could be granted under *any set of facts* that *could* be provided consistent with the allegations." *Id.* at 563 (emphasis added).

Here, the Amended Complaint did not merely contain "[t]hreadbare recitals of elements of a cause of action," but instead provided specific and detailed information to establish at least a

---

[2] Whether information was "material" is not an issue decided on a motion to dismiss. *In re Hamilton Bancorp, Inc. Sec. Litig.*, 194 F. Supp. 2d 1353, 1356 (S.D. Fla. 2002) ("[M]ateriality is a question of fact that typically is not resolved at [the motion to dismiss] stage ...."); *Hill v. Jones*, 725 P.2d 1115, 1120 (Ariz. Ct. App. 1986).

possibility that Diamond and its agents engaged in the improper conduct. *Iqbal*, 556 U.S. at 663.

Therefore, Plaintiff pled factual matter sufficient to meet all elements required for its fraudulent

and negligent misrepresentation claims against Diamond and the heightened pleading standards

found in Rule 9(b) as it relates to such claims. Accordingly, this Court should deny Diamond's

Motion to Dismiss for such claims.

> **b.     Diamond's Misrepresentations Were Actionable Because Diamond Presently Knew That Its Representations Regarding TAE and the Warranty Were False**

The misrepresentations made by Diamond and its representatives were based on

Diamond's present knowledge that TAE was under a criminal investigation, in financial distress,

and unable to provide the warranty guarantees promoted to potential customers, including

Plaintiff, which Diamond knew would induce Plaintiff to purchase the DA42s. Thus, Plaintiff's

negligent misrepresentation claim relies on Diamond's present knowledge of TAE's inability to

provide the engine warranty and its continued representations it presently knew to be false.

In support of its position, Diamond relies on one case, *Kennedy v. Chase Home Fin.,

LLC*, 2012 U.S. Dist. LEXIS 47584 (D. Ariz. Apr. 4, 2012). (Diamond's Motion, p. 12-13).[3]

However, *Kennedy* is completely distinguishable from the instant matter. In *Kennedy*, the

plaintiffs had fallen behind on their mortgage and the defendant, Chase, the plaintiff's

mortgagor, threatened to institute a trustee sale of the property. *Kennedy*, 2012 U.S. Dist. LEXIS

47584, at *2. Plaintiffs alleged that defendant promised to postpone the trustee sale if it entered

into a forbearance agreement and made certain payments under such agreement. When plaintiffs

went out of town, a trustee sale took place due allegedly to defendant's failure to notify the

trustee that the sale was postponed. *Id.* at *2-3. In evaluating the plaintiffs' claims, which

included fraud and negligent misrepresentation, the court in *Kennedy* found that the plaintiffs did

---

[3] Diamond does not argue "future conduct" as a defense to Plaintiff's fraud claims.

"not identify when they interacted with the Chase representatives, who the representatives were,…what the representatives' roles were within the alleged fraudulent scheme… [or that] Chase representatives knew of the falsity of their statements." *Id.* at *13. As such, plaintiffs did not plead sufficient facts to establish that defendant knew or likely knew its representations were false, but instead that it failed to notify the trustee that the sale would be postponed. *Id.* at *14-15. However, Plaintiff pled all of the above with specificity, including sufficient facts to demonstrate Diamond knew or likely knew its representations were false given its superior knowledge regarding TAE and Diamond's development of the Austro engine. (Amended Complaint ¶¶ 12-14, 55-56, 59).

Moreover, the plaintiffs' allegations in *Kennedy* did in fact relate to "future conduct" promised, *not* that the defendant knew at the time it made such statements it would not notify the trustee of the postponement. *Id.* at *15-16. Here, Diamond was not promising to perform some future action if Plaintiff purchased the DA42. Instead, they were making present misrepresentations about TAE's warranty, despite Diamond presently knowing it would not be fulfilled. Contrary to the allegations in *Kennedy*, allegations in this case are based on Diamond's present knowledge and conduct.

Additionally, Arizona recognizes a "well established exception to th[is]…general rule [when] a promise [is] made without present intention to perform." *Ahmed v. Collins*, 530 P.2d 900, 903 (Ariz. Ct. App. 1975) (citation omitted). "In such case, the misstatement of the present intention is regarded as a misrepresentation of fact." *Id.* Therefore, although Diamond was not "performing" any future actions, at the time Diamond made statements regarding the reliability of the TAE engine warranties, it knew TAE **presently did not have the ability to perform its warranty obligations**. (*See* Amended Complaint Counts I & II). Accordingly, this also

confirms that the misrepresentations made by Diamond and its agents, to Plaintiff, are sufficient for a claim of negligent misrepresentation.

Finally, Diamond knew the TAE engine warranty was the **only** reason anyone would purchase a DA42 with a TAE engine (*Id.* at ¶¶ 37 – 39), and this warranty information had an ascertainable value at the *present* time when Plaintiff purchased its aircraft.   "[W]hen the misrepresentation is of a present fact and not of future intent…such conduct may give rise to a separate action for fraud." *Bayer Corp. v. Chiron Corp.*, No. 02-080-### (MPT), 2002 U.S. Dist. LEXIS 22938, at *11 (D. Del. Nov. 8, 2002) (citation omitted). *See also Woods v. Maytag Co.*, 2010 U.S. Dist. LEXIS 116595, at *31 – 37 (E.D.N.Y. Nov. 2, 2010) ("Because a warranty is considered to be a statement of present fact … a fraud claim can be… [brought] notwithstanding the existence of a breach of contract claim") (citations and quotations omitted); *Mobil Chemical Co. v. Hawkins*, 440 So. 2d 378, 382 – 383 (Fla. Dist. Ct. App. 1983) ("The same facts that are the basis for a breach of warranty count *can be*…the basis of a fraudulent misrepresentation count").   Therefore, Diamond's misrepresentations regarding the warranty involved material information that had a significant, ascertainable value at the time such misrepresentations were made, which Plaintiff relied heavily on in purchasing the aircraft.

The TAE warranties were designed to cover the additional engine inspections and replacements which TAE, Diamond, and the authorized distributors already **knew** were required for the engines due to their new design.  Accordingly, the TAE warranties were not warranties of future performance. *See Ontario Hydro v. Zallea Systems, Inc.*, 569 F. Supp. 1261, 1266 (D. Del. 1983) ("[A] warranty of future performance of a product must expressly provide some form of guarantee that the product will perform in the future as promised").   The warranties did not promise the engines would perform in a certain manner in the future or that the engines would

not fail for a specified amount of years.  Rather, the warranty Diamond affirmatively represented to Plaintiff was an inducement to purchase the DA42 because it covered the known repair and inspection costs required by the engine design.

Consequently, it is clear Diamond made affirmative representations regarding TAE and the engine warranty, which it *presently* knew to be false when making such representations to Plaintiff to induce it to purchase the DA42.  Therefore, these statements were affirmative misrepresentations which can be the basis for Plaintiff's negligent misrepresentation claim.

Lastly, Diamond states that any representations made by Diamond and its authorized distributors to Plaintiff are not actionable as they occurred after the signing of its respective purchase agreement (Diamond's Motion, p. 10); however, recovery can still be available for misrepresentations made after signing a purchase agreement but before actual conveyance of the property at issue.  *See, e.g., Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985); (Amended Complaint ¶¶ 50 – 51, 53 – 54).  Accordingly, Diamond's Motion to Dismiss should be denied.

### 3.    Plaintiff Sufficiently Pled Fraudulent Concealment

It is clear that the criminal investigations by German authorities of TAE were not made public until late 2006.  (*See Id.* at ¶ 10).  Plaintiff was completely in the dark regarding the claims and allegations which German authorities were bringing against TAE.  (*See id.* at ¶ 14).  In marked contrast, Diamond, being TAE's largest customer, would have been contacted by German authorities early in the investigations as it revolved around TAE using fraudulent invoices from its *customers* to deceive stockholders.  (*Id.* at ¶ 13).  Because Diamond would have been a potential target for TAE's alleged fraudulent invoices (in fact, the biggest target), Diamond would have been a logical early contact for German authorities investigating TAE.  These facts illustrate that Diamond had drastically greater knowledge and access to information regarding TAE's financial and legal woes, as compared to Plaintiff.  Additionally, even when the

findings of the German investigations were made "public," such information was published in German and appeared primarily, if not exclusively, in German media outlets. (*See id.* at ¶ 10).

Under Arizona law, a purchaser generally has the right to rely on representations made by a seller and is not required to perform an independent inquiry to establish the truth or falsity of these representations in order to bring claims of negligence and fraud. *See St. Joseph's Hosp. & Medical Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 316 (Ariz. 1987) ("In the absence of circumstances putting a reasonable person on inquiry, a person is justified in relying on a misrepresentation of a material fact without making further inquiry."); *Barnes v. Lopez*, 544 P.2d 694, 697 (Ariz. Ct. App. 1976) (holding that "the buyer had a right to rely on the seller's representations, even though the buyer could have ascertained the correct [answer] by his own inquiry.... *This is true even though the facts could be ascertained by an inspection of public records*") (emphasis and [ ] added).

Diamond asserts that Plaintiff failed to state a claim for fraudulent concealment as Diamond did not "intentionally prevent[ ]" Plaintiff from "acquiring material information" and/or did not participate in "active concealment" required for this claim. (Diamond's Motion, p. 13). However, this argument is misguided as Plaintiff pled sufficient factual matter to meet the pleading requirements under Rules 8 and 9(b) that Diamond has superior knowledge regarding TAE's problems and Diamond's exclusive knowledge regarding its development of a competing engine, and purposefully withheld or participated in "active concealment" of same in order to intentionally prevent Plaintiff from acquiring this material information prior to its purchase of the involved aircraft. Importantly, Rule 9(b) only requires that "*intent...*and other conditions of a person's mind *be allegedly generally*" – Plaintiff has pled sufficient facts to demonstrate generally that Diamond's misrepresentations and concealment was done

intentionally.  Moreover, note that Arizona law, unlike other states' laws, does *not* require the person alleged to have concealed information to have had a "duty to disclose" before a claim for fraudulent concealment can be brought against that person.  Thus, Plaintiff is only required to establish that Diamond and its agents concealed or intentionally prevented Plaintiff from acquiring material information related to its purchase of the DA42 – all of which was clearly set forth in the Amended Complaint.

Further, as correctly noted by Diamond, the Arizona Supreme Court explained that fraudulent concealment under Arizona law is often characterized by acts which are intended to, *inter alia*, "hide information, mislead [or] avoid suspicion."  (*Id.* at p. 13) (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 35 (Ariz. 2002)).  Reading the Amended Complaint in the light most favorable to Plaintiff, it sufficiently alleged that not only did Diamond purposefully withhold information which Plaintiff would find material in deciding to purchase the involved aircraft, but actively concealed such information and intentionally prevented Plaintiff from discovering same by use of its authorized distributors which continually represented to potential customers, such as Plaintiff, that all maintenance costs related to the new TAE engines were covered under the warranty and that it could rely on same.  Thus, it intentionally hid this information and misled Plaintiff regarding same.  Moreover, it intended to "avoid suspicion" that anything was wrong with TAE when it purposefully did not disclose that it was developing the Austro engine, and thus fraudulently concealed this information from Plaintiff.  Every bit of this information was material to the purchase of an aircraft which employed a revolutionary and untested engine technology, and Plaintiff alleged same in its Amended Complaint.  (Amended Complaint ¶¶ 65-66, 70).

More specifically, Plaintiff pled that all of "[t]he concealed information was material to the transaction" because if Plaintiff had been informed about TAE's issues or Diamond's development of its own engine, it would not have purchased the DA42. (*Id.* at ¶¶ 12, 65-66, 70). Thus, Plaintiff has sufficiently pled factual matter under Rules 8 and 9(b) demonstrating that it is at least "plausible" or a "possibility," if not extremely likely, that Diamond "intentionally prevent[ed] Plaintiff] from acquiring material information" and "avoid suspicion" when it purposefully withheld information related to TAE's ability to provide the warranty and its exclusive knowledge that it was building a competing engine which it intended to benefit financially from once TAE was forced to void its warranties, and thus sufficiently pled a claim for fraudulent concealment under Arizona law. *Wells Fargo Bank*, 38 P.3d at 34-35; *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff has sufficiently pled fraudulent concealment and Diamond's Motion to Dismiss regarding same must be denied.

### 4. Plaintiff Pled Sufficient Facts to Meet the Requirements of Nondisclosure Under Arizona Law

Plaintiff sufficiently pled the facts necessary to also bring a claim of nondisclosure under Arizona law. Although a claim for fraudulent concealment and nondisclosure are similar, as both entail a party's withholding or failure to disclose material information, nondisclosure is a separate claim that can be brought under Arizona law.

A claim for nondisclosure is based on one "who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction" if that person "is under a duty to the other…to disclose the matter in question." *Frazier v. Southwest Sav. & Loan Ass'n*, 653 P.2d 362, 367 (Ariz. Ct. App. 1982). Thus, a claim for nondisclosure under Arizona law, unlike a claim for fraudulent concealment, focuses on whether there was a duty to disclose such information and whether that party failed to do so.

Diamond was under a duty to disclose material information regarding TAE, as well as its development of the Austro engine, based on the standard espoused in *Frazier*. *Id.* at 367. Plaintiff's Amended Complaint demonstrates that Diamond was under a duty to disclose under Arizona law by alleging that Diamond's close business relationship with TAE provided Diamond with superior access to TAE-related information, as compared to Plaintiff. (*See, e.g.*, *id.* ¶¶ 77-78; 29-30). Diamond's duty to disclose information related to TAE and the Austro engine development also arose as this information was not only "basic to the transaction," but material to the purchase of the DA42. *Frazier*, 653 P.2d at 367. Further, it is "the customs of the trade" in the general aviation industry for a potential buyer to interact solely with the airframe manufacturer and its distributors regarding the engine and warranty provided thereon. *Id.*

Moreover, because Diamond and its agents knew this material information was "necessary to prevent [its] partial or ambiguous statement of the facts from being misleading," but purposefully failed to disclose such information, these are "half-truths" which were repeatedly alleged by Plaintiff after Diamond: (1) failed to disclose facts regarding TAE and its engine warranty; (2) had secret knowledge of TAE's legal and financial woes; and (3) did not disclose the whole truth regarding TAE and the soundness of its engine warranty to Plaintiff (Amended Complaint at ¶¶ 29-30, 61-71); *Frazier*, 653 P.2d at 367.[4] Such "half-truths" are actionable under Arizona law and became "[a] statement containing a half-truth may be as misleading as a statement wholly false. Thus, a statement which contains only those matters which are favorable and omits all reference to those which are unfavorable is as much a false

---

[4] Magistrate Judge, Hon. Stephen T. Brown in *Mascaro Aviation, L.L.C., v. Diamond Aircraft Industries, Inc.*, *supra* at 10, correctly determined in his Report and Recommendation (dated Jun.13, 2012, Doc. 49) that Mascaro Aviation pled sufficient factual matter to establish that Diamond had a duty to disclose based on half-truths made by a sales representative from Diamond's authorized distributor in similar circumstances to the present matter and thus, Diamond's motion to dismiss was denied.

representation as if all the facts stated were untrue...." *King v. O'Rielly Motor Co.*, 494 P.2d 718, 721 (Ariz. Ct. App. 1972).

Importantly, "Arizona has recognized that a duty to disclose may arise where the buyer makes an inquiry of the seller, regardless of whether or not the fact is material." *Hill*, 725 P.2d at 1119, n. 3 (citing *Universal Inv. v. Sahara Motor Inn, Inc.*, 619 P.2d 485, 487 (Ariz. Ct. App. 1980) ("Inquiry by the buyer about the condition of the electrical system *would have imposed a duty on the seller to disclose all it knew*.) (emphasis added). Because Plaintiff, on numerous occasions, inquired as to the DA42's engine, the extent of the warranty coverage and the reliability of TAE to administer same, Diamond and its agents (USAERO and Galvin) had a duty to "disclose all it knew" regarding the this material information, *i.e.*, to disclose its knowledge regarding TAE's financial problems, unlikelihood of providing the warranty, and Diamond's development of a competing engine to soon replace the TAE engine. Diamond, and its agents, however, failed to disclose such information which was material to Plaintiff's purchase of the involved aircraft. Such a concealment or failure to disclose this information would constitute actionable fraud and support a claim of nondisclosure under Arizona law. *See Universal Inv.*, 619 P.2d at 486.

Accordingly, the allegations set forth in Plaintiff's Amended Complaint are sufficient for a claim of nondisclosure. Plaintiff pled sufficient information generally and specifically to meet all elements of a claim for nondisclosure, and thus the claim has been properly brought before the Court. *See King,* 494 P.2d at 720-722*; Wells Fargo*, 38 P.3d at 35.

Therefore, under Arizona law, if the facts pled by Plaintiff may allow for recovery under both fraudulent concealment and nondisclosure, the Court can consider both claims, given the similarity of the two causes of action. *See Madisons Chevrolet v. Donald*, 505 P.2d 1039, 1041

(Ariz. 1973) (finding that although plaintiff did "not plead or prove[ ]" fraudulent concealment or nondisclosure, but instead brought a claim for "a separate cause of action" under fraudulent misrepresentation, the facts pled applied to all three claims and thus the court "would have no difficulty in affirming a judgment based upon fraudulent concealment [or possibly nondisclosure]") ([ ] added). Moreover, Diamond has been aware of Plaintiff's allegations and may respond to them. It cannot demonstrate any prejudice. Accordingly, this Court may also consider Plaintiff's claim of nondisclosure, along with its claim of fraudulent concealment. *See King,* 494 P.2d at 721-722.[5]

### C. Plaintiff Timely Filed Its Claims Within the Applicable Statute of Limitations Period

#### 1. Plaintiff Met the Applicable Statute of Limitations Period Under Arizona Law

Diamond agrees that on April 7, 2010, eighteen plaintiffs, including this Plaintiff, filed a suit against Diamond in the Western District of Kentucky, but these claims were voluntarily dismissed. (Diamond's Motion, p. 5). Further, Diamond conceded that soon thereafter on April 9, 2010, these 18 plaintiffs, including Plaintiff, initiated an action against Diamond in this Court. (*Id.*). Subsequently, Plaintiff and the other plaintiffs' claims were dropped on the ground of misjoinder, which resulted in appeal. (*Id.* at 5-6). "While the appeal was pending, the dropped parties [including Plaintiff] filed an individual case in [this Court]" within two weeks of the Court's Order dropping the parties. (Diamond's Motion, p. 6); (*Mascaro Aviation, supra,* Doc. 52, Order on Motion to Dismiss or Alternatively, to Drop Parties). The present matter "is one of those individual actions." (*Id.*).

---

[5] Alternatively, if the Court determines that a claim for nondisclosure was not properly brought, Plaintiff respectfully requests the Court provide leave to amend its Amended Complaint to specifically list nondisclosure therein under Fed. R. Civ. P. 15, as well as under the Southern District of Florida's Local Rule 15.1, which the Court must construe liberally to allow for an amendment of pleadings. *Lancaster v. Holt, Rinehart & Winston, Inc.,* No. TCA 81-0777, 1982 U.S. Dist. LEXIS 10048, at *2 2 (N.D. Fla. Oct. 20, 1982); *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1270 (11th Cir. 2006).

Therefore, even if the statute of limitations period began to run on May 26, 2008, the date on which the TAE engine warranties were voided, it is undisputed that Plaintiff filed its original action with this Court within two years (April 9, 2010). (*Id.* at 5). Accordingly, Plaintiff's claims were timely filed.[6] After Plaintiff's original action was dropped for misjoinder, Plaintiff brought the present action before this Court within two weeks, as directed by this Court's Order.

Like many states, Arizona's statutes contain a "savings clause," which permits a claim that was originally filed timely, but dismissed, except for certain specific reasons not relevant herein[7], to be re-filed within 6 months and be considered timely filed. A.R.S. § 12-504.

Therefore, under A.R.S. § 12-504, Plaintiff's original action "was commenced within the time limited for the action" on April 9, 2010, then Plaintiff properly "commence[d] a new action for the same cause after the expiration of the time so limited and within six months after such termination." Further, since Plaintiff's original action was not terminated for the reasons outlined in A.R.S. § 12-504(a), the application of Arizona's savings clause is mandatory. Accordingly, Plaintiff's claims are not barred by Arizona's statute of limitations and any intimation to the contrary, or that Arizona's savings clause does not apply, is baseless.

### 2.   Arizona Follows the Discovery Rule for the Statute of Limitations

As stated above, Plaintiff's claims were timely filed within the applicable statute of limitations period and savings clause *under the assumption* that the statute of limitations period began to run on May 26, 2008, the date on which the TAE engine warranties were voided. However, despite Diamond's assertion to the contrary, Plaintiff has never "conceded that the statute of limitations period began to run on May 26, 2008." (Diamond's Motion, 15). Instead,

---

[6] Plaintiff also clearly timely filed all of its claims under Florida law, which provides a four year statute of limitations period for all of these claims. F.S.A. § 95.11(a) & (j).

[7] "Abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution." A.R.S. § 12-504.

Diamond cited to Plaintiff's prior pleading which listed May 26, 2008, as the *earliest possible time* that the statute of limitations period could have begun to run on Plaintiff's claims. However, Plaintiff has *not* conceded that such date is the definite beginning of the statute of limitations period but was instead based on "all facts known at this time (Doc. 51, p. 6, n. 3)," because under Arizona law, the statute of limitations period does not begin to run until the plaintiff knows or should know that a misrepresentation or fraudulent concealment has occurred.

Arizona courts apply the discovery rule found in *Anson v. Am. Motors Corp.*, 747 P.2d 581, 587 (Ariz. App. 1987), under which a cause of action does not accrue and the statute of limitations does not begin to run until the plaintiff knows or should know with reasonable diligence the facts underlying the defendant's wrongful conduct that caused an injury. *Kennedy*, 2012 U.S. Dist. Lexis 47584, at *17.  Further, "most cases applying the discovery rule have a common thread: requiring that '[t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect.'" *Id.*

Here, Plaintiff's claims are based on an "an act causing injury...[that was] difficult for the [P]laintiff to detect." *Id.*  Accordingly, under Arizona's discovery rule, the statute of limitations did not begin to run until a date substantially later than May 26, 2008, as Plaintiff could not discover Diamond's actions until significantly after TAE's warranties were voided. Thus, as Plaintiff stated in its prior pleading (Doc. 51, p. 6), May 26, 2008, was the *earliest* possible date in which the statute of limitations period could conceivably begin to run "based on all facts known at this time."  As such, the date which the statute of limitations period began to run may not be known definitely until discovery is undertaken to determine when Plaintiff knew or should have known of Diamond's wrongful conduct that caused the injuries involved herein.

Regardless of whether the statute of limitations period began to run on May 26, 2008, or at a later date, Plaintiff's claims were timely under the applicable Arizona statute of limitations and savings clause. Accordingly, Diamond's Motion to Dismiss based on the statute of limitations must be denied.[8]

### D.  Plaintiff Brought Its Claims in the Proper Venue Under 28 U.S.C. § 1391

Notwithstanding Diamond's assertions to the contrary in its Motion to Dismiss, venue is proper in this Court under 28 U.S.C. § 1391(a). (Diamond's Motion, p. 16).[9] Under 28 U.S.C. § 1391(a) (2011), a civil action for diversity may be brought only in:

> (1) a *judicial district where any defendant resides*, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2011) (emphasis added).

According to 28 U.S.C. § 1391(c), "[f]or purposes of venue under this chapter, a *defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction* at the time the action is commenced." *Id.* (emphasis added). Therefore, as can be seen above in the prior version of 28 U.S.C. § 1391, venue is proper in "the judicial district where any defendant resides," and a corporate defendant is "deemed to reside in

---

[8] Alternatively, in the event the Court determines that the statute of limitations person has run in the present matter, Plaintiff respectfully requests the Court to amend its prior interlocutory order in *Mascaro Aviation, supra,* (Doc. 52, Order on Motion to Dismiss or Alternatively, to Drop Parties) in which it dropped Plaintiff, and eighteen (18) other plaintiffs, and instead now "sever" these claims to avoid violating the "just terms" mandate of Fed. R. Civ. P. 21, to prevent prejudice to Plaintiff (and other remaining plaintiffs) which would allow all of these suits to continue to proceed before this Court without any statute of limitations concerns. (*See Mascaro Aviation, supra,* Doc. 51, Plaintiffs' Partial Objection to the Magistrate's Report and Recommendation)*; DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *Strandlund v. Hawley*, 532 F.3d 741 (8th Cir. 2008).

[9] According to Diamond, because this case was filed prior to January 6, 2012, the applicable federal venue statute that applies is the 2011 version of 28 U.S.C. § 1391(a) (2011).

any judicial district in which it is subject to personal jurisdiction."  28 U.S.C. § 1391(a) & (c) (2011).  The current version of 28 U.S.C. § 1391 makes this even more evident.

Here, Diamond incorrectly states that because Diamond physically resides in Canada, not Florida, subsection (a)(1) of section 1391 does not apply.  (Diamond's Motion, p. 16).  However, as shown above, subsection (c) of section 1391 clearly states that a defendant corporation, such as Diamond, "shall be deemed to reside" in any judicial district [of Florida] so long as the defendant corporation is subject to personal jurisdiction in such district.  Since the Southern District of Florida has personal jurisdiction over Diamond, for purposes of venue under section 1391, Diamond is deemed to reside in the Southern District of Florida, and therefore venue is proper under 28 U.S.C. § 1391(a)(1).  Accordingly, Plaintiff properly pled in its Amended Complaint that Diamond is subject to personal jurisdiction by this Court and thus venue is proper.  (Amended Complaint ¶¶ 5-6).

Diamond has never disputed that it is subject to personal jurisdiction in Florida, and has confirmed same in its Motion to Dismiss as it does not dispute that it is subject to personal jurisdiction in Florida under 28 U.S.C. § 1391, but instead argues that subsection (a)(3) of Section 1391 (permitting venue  "in any judicial district in which any defendant is subject to personal jurisdiction...") does not apply as subsection (a)(1) would instead apply (providing that venue is proper in "a judicial district where any defendant resides...").  (Diamond's Motion, p. 16-17).  Therefore, Diamond does not argue that (a)(3) does not apply because Diamond is not subject to personal jurisdiction, but instead because it believed another subsection more aptly applied, thus, again implicitly confirming that it is subject to personal jurisdiction in Florida.

Plaintiff agrees with Diamond that subsection (a)(1) would apply, and points out that Diamond failed to recognize that Diamond does "reside" in Florida for purposes of Section 1391

as a corporation subject to personal jurisdiction in Florida.  28 U.S.C. § 1391(c) (2011 version);

28 U.S.C. § 1391(c)(2) (current version).   Accordingly, venue is proper in this Court and

Diamond's assertions to the contrary are incorrect and against the clear statutory language under

Section 1391 (regardless of which version applies herein).   Moreover, it is Plaintiff's position

that subsection (a)(3) could also apply which would again confirm that venue is proper before

this Court as Diamond is subject to personal jurisdiction in Florida.

It appears that Diamond conveniently omitted the provisions of Section 1391, which

clearly state that it is a resident of Florida for purposes of venue, as an attempt to "whipsaw"

Plaintiff and leave it without a venue to prosecute its claims.   For example, if Diamond's

argument that venue is not proper in Florida was successful and Plaintiff's claims before this

Court were dismissed for same, then likely the only other U.S. District Court in which Plaintiff

could reasonably bring its claims would be located in Arizona, and then, almost assuredly,

Diamond would argue that it is not subject to personal jurisdiction in Arizona and/or that venue

is improper there as well.   Diamond cannot employ such tactics and leave Plaintiff without a

venue to bring its claims.[10]   As such, Diamond's argument that venue is improper before this

Court is wholly misplaced under the clear language of Section 1391.   Accordingly, venue is

proper under Section 1391(a) and Diamond's Motion to Dismiss based on venue must be denied.

## III.   CONCLUSION

WHEREFORE, for the reasons herein stated, Plaintiff respectfully requests this Court to

enter an order dismissing Diamond's Motion in its entirety.

---

[10] Further, Plaintiff notes for the Court that Diamond has had the ability to bring a Motion to Change Venue before this Court if it truly believed that venue was improper, but specifically decided not to bring such a motion, and instead attempts to dismiss Plaintiff's action for venue in its Motion to Dismiss, because it would be required to consent to personal jurisdiction in another state, such as Arizona, for a Motion to Change Venue, which it apparently does not want to do.  This again, appears to be another tactic used by Diamond to try and leave Plaintiff without a venue to bring its actionable claims.

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

Respectfully submitted,

/s/Juan Martinez
Juan Martinez (FBN 9024)
GRAYROBINSON P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131-0014
Telephone: 305-416-6880
Facsimile: 305-416-6887
E-mail: juan.martinez@gray-robinson.com
COUNSEL FOR PLAINTIFF
-and-

V. Brandon McGrath
BINGHAM GREENEBAUM DOLL LLP
2350 First Financial Center
255 East Fifth Street
Cincinnati, Ohio 45202
Telephone: 513-455-7643
Facsimile: 513-455-8500
E-mail: BMcgrath@bgdlegal.com

## SERVICE LIST

**Twinstar Partners, LLC**
**vs.**
**Diamond Aircraft Industries, Inc.**
**Case No. 0:11-cv-61684 (MORENO)**
**United States District Court, Southern District of Florida**

Carl R. Nelson
cnelson@fowlerwhite.com
Ashley Bruce Trehan
ashley.trehan@fowlerwhite.com
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: 813-228-7411
Fax:    813-229-8313
Attorneys for Defendant Diamond Aircraft Industries, Inc.

[Service by Notice of Electronic Filing generated by CM/ECF]