UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 11-61684-CIV-MORENO

TWINSTAR PARTNERS, LLC,,

      Plaintiff,

vs.

DIAMOND AIRCRAFT INDUSTRIES, INC.,

      Defendant.

_____/

### ORDER GRANTING IN PART MOTION TO DISMISS

Plaintiff is a partnership that purchased two aircrafts from Defendant.  The engines on the aircraft were manufactured by a German company, Thielert Aircraft Engines GmbH ("TAE").  Under the terms of the sale, TAE provided the warranty for the engines, which included any necessary repairs.  Soon after the sales, TAE went into court proceedings in Germany, akin to bankruptcy and the warranties were voided.  Plaintiff is suing Defendant for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment claiming that Defendant knew at the time of the sales that TAE would not honor the warranties.  Plaintiff alleges it relied on Defendant's misrepresentations regarding the warranty when it decided to purchase the two planes.  The Court, in applying Arizona law, finds that Plaintiff has sufficiently pled its claims for fraudulent misrepresentation and fraudulent concealment.  The allegations, however, are insufficient to state a claim for negligent misrepresentation under Arizona law.

THIS CAUSE came before the Court upon the Defendant's Motion to Dismiss **(D.E. No. 26)**, filed on **November 15, 2012**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part as to the negligent misrepresentation claim and DENIED as to the fraudulent misrepresentation and fraudulent concealment claims. Plaintiff may file an Amended Complaint consistent with this Order by **July 15, 2013**.

### I. Background

Plaintiff, Twinstar Partners, LLC is an Arizona corporation that purchased two Diamond DA42 Twin Star aircrafts, manufactured by Defendant, Diamond Aircraft Industries, Inc. Diamond Aircraft Industries, Inc. is a Canadian company that manufactures different models of light aircraft. In December 2006, Plaintiff entered a contract with USAERO, LLC, a non-party distributor in Arizona, to purchase the first DA42 aircraft. Plaintiff purchased the second DA42 aircraft in May 2007 from Galvin Flying Service, Inc., a non-party distributor in Seattle, Washington.

The aircraft at issue in this case was equipped with twin turbo diesel engines that were manufactured by the German company Thielert Aircraft Engines GmbH ("TAE"). TAE and Diamond are two separate, unrelated entities. Diamond installed TAE engines in some of its aircraft. The engines were warranted only by TAE. Diamond specifically excluded the TAE engines from its warranty. On or about April 24, 2008 – more than a year after Twinstar Partners, LLC contracted to purchase the aircrafts – TAE entered into a proceeding in Germany that is akin to a bankruptcy in the United States, and its warranties were voided. Plaintiff seeks to recover from Diamond the damages Plaintiff suffered due to the loss of the warranty on the aircrafts.

As to the first aircraft, Plaintiff's members, Jeff McElfresh, Edna Lake, and Andrew Lake attended the USAERO demo weekend show in Scottsdale, Arizona. During the weekend, Mr. Farley

-2-

of USAERO explained to them the terms of the TAE warranty. Upon delivery of the first aircraft

in London, Ontario, Diamond's Aircraft Delivery Center Manager confirmed the terms of the engine

warranty. Mr. Slingerland provided Mr. Lake with a Limited Warranty document, which stated that

the TAE engines were covered by a warranty for two years parts and and labor, plus prorated over

2,400 flight hours or 12 years. Mr. Slingerland also provided a copy of the TAE Terms of Guarantee

of the Limited Pro Rata Manufacturer's Guarantee for the Centurion 1.7.

As to the second aircraft, Mr. McElfresh and Mr. Lake traveled to London, Ontario to take

delivery. While in London, Plaintiff alleges that Diamond employees explained to them the terms

of the TAE warranty. Diamond employee Jeremi Austin confirmed to Mr. McElfresh and Mr. Lake

that once the aircraft engines reached approximately 1,000 flight hours, they would be able to replace

the engines for new 2.0L engines for a prorated cost based on number of flight hours on the engines

at the time of replacement. Another unidentified Diamond employee also provided Mr. McElfresh

and Mr. Lake with another Limited Warranty document, which stated that the TAE engines were

covered by a warranty for two years parts and labor, plus prorated over 2,400 flight hours or 12 years.

Plaintiff's complaint is based on its reliance on Diamond's employees or agents'

representations regarding the TAE warranty.   Plaintiff's three counts are for negligent

misrepresentation, fraudulent misrepresentation, and fraudulent concealment.  More specifically,

Plaintiff claims that Diamond knew or should have known that TAE would not be able to meet the

terms of the engine warranty.

Defendant has moved to dismiss the three-count complaint arguing the claims are

fundamentally flawed as there is no allegation of wrongdoing by Defendant Diamond Aircraft

Industries, Inc. Defendant also argues that the Plaintiff fails to plead fraud with particularity as

required by Federal Rule of Civil Procedure 9(b).  The motion to dismiss also argues that Plaintiff cannot state a cause of action for fraudulent concealment.  Finally, Defendant argues the statute of limitations applies to bar Plaintiff's complaint and that this venue is not proper.

In their briefs, the parties have agreed Arizona law applies to this case.  The parties also agree the savings clause to Arizona's statute of limitations applies to allow this case to go forward.  In addition, on the issue of venue, Diamond reserves the right in its reply brief to move to transfer this case to Arizona or another potentially proper venue, if and when it may be appropriate to do so.  By doing so, Diamond appears to be conceding the venue issue is not one the Court should decide on this motion to dismiss.  Indeed, Diamond states in its reply brief that a determination to transfer could be premature.  The remaining issues in the motion to dismiss are whether Plaintiff states claims for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment under Arizona law.

## II. Legal Analysis

### A. Misrepresentation Claims

In moving to dismiss, the Defendant argues there are no allegations that amount to a misrepresentation. Diamond claims its employees or agents merely disseminated the terms of the warranty, which was not false at the time.  Plaintiff's claim, however, is that Diamond knew TAE was facing bankruptcy and would be unable to honor the engine warranty.

Arizona law recognizes that a "misstatement of [a] present intention . . .as a misrepresentation of fact." *Ahmed v. Collins*, 530 P.2d 900, 903 (Ariz. Ct. App. 1975).  Put another way, a promise made without any intention of keeping that promise is a misrepresentation.  In this case, Defendant's employees unequivocally provided Plaintiff with the terms of the TAE warranty,

and Plaintiff claims they did so knowing TAE would be unable to comply with those warranty obligations. That seems like precisely the kind of "misstatement of [a] present intention" that the *Ahmed* court recognized as a misrepresentation of fact.

To support its argument that the dissemination of the warranty terms was not a misrepresentation, Defendant relies on *Kennedy v. Chase Home Fin. LLC*, No. Cv 11-8109-PCT-DGC, 2012 WL 1132785 at *5 (D. Ariz. April 4, 2012). In *Kennedy*, the Arizona court found a promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation. *Id.* Promises that relate to future events that are unkept simply constitute a breach of contract. *Ahmed*, 530 P.2d at 902-3. That is true, but again, Arizona law also creates an exception when the statement is made and there is no intent to perform. *Crofton v. CIT Group, Inc.*, No. 09-1999-PXX-FJM, 2011 WL 1211566 at *5 (D. Ariz. March 29, 2011). The *Crofton* court further articulated that there is no "present intent to deceive" exception for a negligent misrepresentation claim. *Id.*

The Court recognizes that TAE was responsible for providing the warranty and not Diamond. Nevertheless, the Plaintiff's allegation that Diamond's representatives made affirmative representations regarding TAE and the engine warranty, which it knew at the time to be false, to induce Plaintiff to purchase the DA42 aircrafts. Specifically, Diamond indicated that the service on the engines would be covered, as well as repairs. The Court finds these allegations fall squarely within the exception as stated by the Arizona courts in *Crofton* and *Ahmed* for the fraudulent misrepresentation claim. The Court, therefore, denies the motion to dismiss as to the fraudulent misrepresentation claim.

The same, however, cannot be said for the negligent misrepresentation claim. The *Crofton*

court was clear that "[a] promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." *Id.* (quoting *McAlister v. Citibank,* 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992)). Accordingly, the Court finds there is no exception in the context of negligent misrepresentation and the Plaintiff's allegations are insufficient to state such a claim.

### 1. Federal Rule of Civil Procedure 9(b)

In addition, the heightened pleading standard of Rule 9(b) applies to claims for both negligent and fraudulent misrepresentation. *Bonita Villas Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-21887-CIV-SEITZ, 2010 WL 2541763, at *4 (S.D. Fla. June 23, 2010) (fraudulent misrepresentation). To comply with Rule 9(b), Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1294 (S.D. Fla. 2007). The Court finds the Plaintiff has satisfied the requirements of Rule 9(b). Plaintiff has identified the communications regarding the warranty and the date and the person responsible for providing the warranty terms. Plaintiff points to five different communications that are contained in the following chart.

| Date | Place | Content of Complaint | Source |
|---|---|---|---|
| September 22, 2006 | Scottsdale, Arizona | "Diamond provided a 'spinner to tail' warranty on the aircraft and the engines for two years" and "all of the regular maintenance of the engines would be covered by the warranty."Plaintiff's Am. Complaint at ¶ 41 | Conversation with Mike Farley |

| September 22, 2006 | Scottsdale, Arizona, Test Flight | "[T]he engines were currently certified with a 1,000 flight hours TBR, at which point the engines would require replacement," however, "at the time of replacement, Diamond would replace the engines with new 2.0L engines at a prorated cost based on the number of flight hours on the engines at the time of replacement." Plaintiff's Am. Complaint at ¶ 42 | Conversation with Mike Farley |
|---|---|---|---|
| September 25, 2006 | Email | "Mr. Farley. . . confirmed such confidence" in the "reliability of the engine warranty or the company administering the warranty." Plaintiff's Am. Complaint at ¶ 43, 46 | Mike Farley, email to flight school's owner |
| September 23, 2006 | Scottsdale, Arizona, Test Flight | "Diamond provided a 'spinner to tail' warranty on the aircraft and the engines for two years and . . .all of the regular maintenance of the engines would be covered by the warranty." Plaintiff's Am. Complaint at ¶ 44 | Mike Farley, Conversation |
| September 23, 2006 | Scottsdale, Arizona, Test Flight | "[T]he engines were currently certified with a 1,000 flight hours TBR, at which point the engines would require replacement. . .[A]t the time of replacement, Diamond would replace the engines with new 2.0L engines at a prorated cost based on the number of flight hours on the engines at the time of replacement." Plaintiff's Am. Complaint at ¶45 | Mike Farley, Conversation |

Plaintiff also indicates that it was misled into believing it had a solid warranty, and that

turned out to be false. As a result of the statements, Defendant obtained the sale of two aircrafts.

Accordingly, the Court finds these allegations sufficient to satisfy Rule 9(b).

B. Fraudulent Concealment

Plaintiff alleges that Diamond failed to disclose TAE's financial condition and Defendant's superior knowledge of that situation gives rise to a cause of action for fraudulent concealment. Arizona law provides that a purchaser generally has the right to rely on representations made by a seller and is not required to perform an independent inquiry to establish the truth or falsity of these representations to bring claims of negligence or fraud. *See St. Joseph's Hosp. & Medical Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 316 (Ariz. 1987) ("In the absence of circumstances putting a reasonable person on inquiry, a person is justified in relying on a misrepresentation of a material fact without making further inquiry.")

The allegations in this case state that Diamond had superior knowledge of TAE's financial troubles, as one of TAE's main clients. Indeed, Plaintiff alleges that based on that knowledge Diamond was in the process of developing the Austro engine to replace the TAE engine, information it did not provide to Plaintiff. Plaintiff also alleges that had it been informed that there was a risk TAE would not honor the warranty or that Diamond was developing its own engine, it would not have purchased both aircrafts. The Arizona Supreme Court has stated that fraudulent concealment is characterized by acts that "hide information, mislead [or] avoid suspicion." *Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395*, 201 Ariz. 474, 497 (Ariz. 2002). The allegations here do suffice to say that Diamond hid relevant information to "mislead or avoid suspicion." Of course, Plaintiff will ultimately have to prove that Diamond knew TAE would not be able to service and repair the engines installed in the aircraft, as promised. At this stage, the allegations that it did know and failed to disclose this information are sufficient to state a claim

under Arizona law for fraudulent concealment. [1]

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of June, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

_____

[1] Plaintiff briefs nondisclosure under Arizona law in its response to the motion to dismiss. Because Plaintiff's complaint does not contain a cause of action for nondisclosure under Arizona law, the Court need not address the issue in this Order.