UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number:  11-61684-CIV-MORENO

TWINSTAR PARTNERS, LLC,,

        Plaintiff,

vs.

DIAMOND AIRCRAFT INDUSTRIES, INC., *et al.*

        Defendants.

_____/

## ORDER DENYING MOTIONS TO DISMISS

At issue in the motions to dismiss are Federal Rule of Civil Procedure 9(b)'s requirement to plead fraud with particularity and Federal Rule of Civil Procedure 15's relation back provision.  At oral argument, counsel for Defendant Diamond Aircraft Industries, Inc (Diamond Canada) and Diamond Aircraft Sales U.S.A. (Diamond U.S.A.) represented that in view of the recent filing for summary judgment the Court need not decide the Rule 9(b) issues.  The Court in open court found the pleadings sufficiently complied with Rule 9(b) and applied the relation back doctrine to find the statute of limitations did not bar Plaintiff's suit from going forward against Diamond U.S.A..

THIS CAUSE came before the Court upon Diamond U.S.A.'s Motion to Dismiss **(D.E. No. 77)**, filed on **February 14, 2014** and Diamond Canada's Motion to Dismiss **(D.E. No. 79)** filed on **February 14, 2014**.

THE COURT has considered the motions, the responses, oral argument, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are DENIED .

## I. Background

Plaintiff, Twinstar Partners, LLC is an Arizona corporation that purchased two Diamond DA42 Twin Star aircraft, manufactured by Defendant, Diamond Aircraft Industries GmbH ("Diamond Austria").  Diamond Austria manufactured the aircraft and either delivered them or shipped them for assembly to Defendant Diamond Aircraft Industries, Inc. ("Diamond Canada") in Ontario, Canada. The third Defendant is Diamond Aircraft Sales, U.S.A. ("Diamond U.S.A."), the company that is tasked with developing a U.S. market for the aircraft.  In its Third Amended Complaint, Plaintiff alleges the Diamond entities all operated under the same ownership and formal executive authority, with Christian Dries serving simultaneously as the Chief Executive Officer for Diamond Austria, Diamond Canada, and Diamond U.S.A..  Plaintiff states in the amended complaint that Diamond U.S.A. has little or no assets and operates as an agent or alter-ego of Diamond Canada and Diamond Austria.

In December 2006, Plaintiff entered a contract with USAERO, LLC, a non-party distributor in Arizona, to purchase the first DA42 aircraft.  Plaintiff purchased the second DA42 aircraft in May 2007 from Galvin Flying Service, Inc., a non-party distributor in Seattle, Washington.  The aircraft at issue in this case were equipped with twin turbo diesel engines that were manufactured by the German company Thielert Aircraft Engines GmbH ("TAE").  TAE and the Diamond entities are separate, unrelated entities.  Diamond installed TAE engines in some of its aircraft.  The engines were warranted only by TAE.  Diamond specifically excluded the TAE engines from its warranty. On or about April 24, 2008 – more than a year after Twinstar Partners, LLC contracted to purchase the aircraft – TAE entered into a proceeding in Germany that is akin to a bankruptcy in the United States, and its warranties were voided.  Plaintiff seeks to recover from Defendants the damages Plaintiff suffered due to the loss of the engine warranty.

As to the first aircraft, Plaintiff's members, Jeff McElfresh, Edna Lake, and Andrew Lake attended the USAERO demo weekend show in Scottsdale, Arizona. During the weekend, Mr. Farley of USAERO explained to them the terms of the TAE warranty. Upon delivery of the first aircraft in London, Ontario, Diamond Canada's Aircraft Delivery Center Manager confirmed the terms of the engine warranty. Mr. Slingerland provided Mr. Lake with a Limited Warranty document, which stated that the TAE engines were covered by a warranty for two years parts and and labor, plus prorated over 2,400 flight hours or 12 years. Mr. Slingerland also provided a copy of the TAE Terms of Guarantee of the Limited Pro Rata Manufacturer's Guarantee for the Centurion 1.7.

As to the second aircraft, Mr. McElfresh and Mr. Lake traveled to London, Ontario to take delivery. While in Ontario, Plaintiff alleges that Diamond Canada employees explained to them the terms of the TAE warranty. Diamond Canada employee Jeremi Austin confirmed to Mr. McElfresh and Mr. Lake that once the aircraft engines reached approximately 1,000 flight hours, they would be able to replace the engines for new 2.0L engines for a prorated cost based on number of flight hours on the engines at the time of replacement. Another unidentified Diamond Canada employee also provided Mr. McElfresh and Mr. Lake with another Limited Warranty document, which stated that the TAE engines were covered by a warranty for two years parts and labor, plus prorated over 2,400 flight hours or 12 years.

Plaintiff's Third Amended Complaint is based on its reliance on representations by Diamond's employees or agents regarding the TAE warranty. Plaintiff's two counts are for fraudulent misrepresentation and fraudulent concealment.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face

dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. Legal Analysis

#### A. Statute of Limitations

The parties agree that the initial action was filed during the applicable statute of limitations. The question for the Court is whether the Third Amended Complaint, which added Diamond U.S.A., relates back to the original complaint. Federal Rule of Civil Procedure 15(c)(1)(C) applies and under this rule claims relate back if:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Supreme Court has held that the proper inquiry for whether a plaintiff has satisfied Rule 15(c)(1)(C) is what the defendant knew or should have known during the time limit for service of the complaint and summons. *Krupski v. Costa Crociere, S.p.A.*, 560 U.S. 538, 541 (2010). The Court explained that the focus on a defendant's knowledge goes to the heart of the purpose of allowing relation back. It balances justice for plaintiffs with the interests of a defendant who is rightfully entitled to repose. *Id.*, 560 U.S. at 550. Writing for the Court, Justice Sotomayor explained in *Krupski* that a "plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id.*, 560 U.S. at 549.

Prior to *Krupski*, the Eleventh Circuit examined the relation back provisions of Rule 15 and held they should be somewhat liberally construed. *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998). It stated Rule 15 does not support "relation back in . . .cases where the newly added defendants were known to the plaintiff before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued." *Id.* "The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant." *Id.* "Even the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset." *Id.*, 148 F.3d at 1227 (quoting *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992)).

Plaintiff concedes it knew Diamond U.S.A. existed, but asserts that it did not know how Diamond U.S.A. was involved in the fraudulent activity until the deposition of its President Peter Maurer on September 27, 2013. Defendants argue that Plaintiffs' counsel had taken the deposition of Peter Maurer in a separate unrelated case in September 2011. The parties agree that Plaintiff also

had access to the FAA documents, filed on July 22, 2010 that showed the existence of Diamond U.S.A. and its role in transferring title of the aircraft to United States purchasers and/or distributors. The date of filing of the FAA documents was in a separate case and prior to the expiration of a statute of limitations. *See Mascaro Aviation v. Diamond Aircraft Indus.*, Case No. 10-60556-CIV-MORENO, Diamond Canada's Motion to Dismiss at Exhibit O through HH (S.D. Fla. July 22, 2010).

Even though Plaintiff's counsel may have known through their work in a separate case that the parties were related, the Court cannot impute that knowledge to the Plaintiff in this case, especially in light of *Krupski*'s very liberal interpretation of Rule 15's relation back provision. In this case, the Plaintiff learned of the relationship among the various Defendants at the September 2013 deposition of Peter Maurer and promptly moved to amend the complaint. Moreover, the FAA documents showing title transfer seem insufficient, on their own, to support a finding that Plaintiff deliberately chose not to sue Diamond U.S.A.. Accordingly, the Court denies the motion to dismiss finding the relation back doctrine applies to allow the amendment in this case.

DONE AND ORDERED in Open Court at Miami, Florida, this 25 day of June, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-6-